UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RUSSELL CAMPBELL,<br><br>Defendant. | Case No. 23-cr-161 (CRC) |

### PRE-TRIAL ORDER

In order to administer the trial of the above-captioned criminal case in a manner that is fair and just to the parties and is consistent with the goal of completing the trial of this case in the most efficient manner, it is hereby

ORDERED that counsel shall comply with each of the following procedures and requirements:

1. TRIAL. Trial of this matter will commence on **December 11, 2023 at 9:00 a.m.** in Courtroom 27A.

2. PRE-TRIAL CONFERENCE. A pre-trial conference will be held on **December 5, 2023 at 11:00 a.m.** in Courtroom 27A. The Court will rule on all pre-trial motions and objections to proposed exhibits, to the extent possible, at the pre-trial conference, hearing argument as necessary.

3. MOTION TO DISMISS PURSUANT TO BRUEN. Any motion to dismiss the indictment pursuant to the Supreme Court's decision in New York State Rifle & Pistol Association, Inc. v. Bruen, 142 S. Ct. 2111 (2022), shall be filed by **July 19, 2023**. Opposition and replies shall be due within 14 and 7 days, respectively.

4. SUPPRESSION MOTIONS. Any motions to suppress statements or tangible things shall be filed on or before **October 6, 2023**. Opposition and replies shall be due within 14 and 7 days, respectively. The Court will schedule a hearing on the motion(s) as necessary.

5. PRE-TRIAL MOTIONS. All other pre-trial motions, including motions in limine, shall be filed on or before **October 27, 2023**. Oppositions and replies shall be due within 14 and 7 days, respectively.

6. VOIR DIRE. Counsel shall jointly submit both a short narrative description of the case, to be read to the prospective jurors, and proposed voir dire questions on or before **November 27, 2023.**

7. PROPOSED JURY INSTRUCTIONS. Counsel shall file proposed jury instructions and a proposed verdict form—jointly to the extent possible—on or before **December 5, 2023**. To the extent that they are pattern jury instructions from the current version of the Redbook, it is sufficient simply to list the numbers of those instructions. Special instructions shall be submitted verbatim with citations to cases and other authorities to support each instruction. Proposed instructions shall be filed on ECF. In addition, a set of the instructions shall be emailed to Chambers (c/o Lauren_Jenkins@dcd.uscourts.gov) in MS Word form.

8. BRADY AND GIGLIO. The Government is under a continuing and ongoing obligation to provide defense counsel any favorable or exculpatory information (Brady), whether or not admissible in evidence. Brady information must be disclosed on a rolling basis—"the duty to disclose is ongoing." Pennsylvania v. Ritchie, 480 U.S. 39, 60 (1987). To the extent it has not already done so, the Government must disclose information that may be useful for impeachment or may otherwise affect the credibility of any Government witness (Giglio)— including Lewis material—on or before **November 20, 2023**. See United States v. Celis, 608

F.3d 818, 835–36 (D.C. Cir. 2010). Giglio obligations are also ongoing. Should the Government request it, the Court will enter a protective order precluding counsel from sharing Giglio information with their clients.

9. EXHIBIT LISTS. The parties shall exchange lists of exhibits they intend to use in their cases-in-chief by **November 20, 2023**. The parties shall file objections to the admissibility of exhibits to the extent practicable by **November 29, 2023**. All exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from Courtroom Deputy Clerk Lauren Jenkins. The written list of exhibits must contain a brief description of each exhibit. At the commencement of trial, counsel shall furnish the Court with two sets of binders containing their exhibit lists and copies of their pre-marked exhibits.

10. WITNESS LISTS. The Government shall provide its list of witnesses to the defense (and to this Court) on or before **December 4, 2023**. On that same date, the Government shall also provide to the defense all Brady or Giglio material not previously provided pertaining to each witness on the list. In addition, **each Friday** during trial, the Government shall provide to the defense an "order of call" of witnesses for the following week and Jencks Act material for those witnesses. It must also provide a list of witnesses the Government anticipates calling on a particular trial day **no less than 36 hours in advance (if not earlier)**. Defendant shall provide his witness list to the Government (and this Court) **at the pretrial conference** and the reverse Jencks material no later than the Friday before the witness is to testify. Counsel will not be absolutely bound by the witness lists or order of call in calling their witnesses because, on occasion, in good faith they must change an intended order of proof or find it necessary to call a witness out of turn. In some cases, security concerns may justify non-identification of witnesses by the Government until shortly before they are actually called. These situations, if any, shall be

brought to the Court's attention *in camera* when the witness list excluding those names is provided to defense counsel.

11.  <u>EXPERT DISLOSURES</u>.  The government shall make any required expert disclosures pursuant to Rule 16(a)(1)(G) by **October 9, 2023**.  Any reciprocal expert disclosure by Defendants shall be made by **October 23, 2023** pursuant to Rule 16(b)(C).

12.  <u>JURY SELECTION</u>.  The Court will summarize its jury-selection procedures at the pre-trial conference.

13.  <u>TRIAL AND PUNCTUALITY</u>.  Unless counsel are notified otherwise, the jury portion of the trial will be conducted each trial day from **9:30 a.m. to 12:30 p.m. and from 1:45 p.m. to 5:00 p.m. on Mondays through Thursdays in Courtroom 27A.**  The Court will consider Friday trial dates as necessary.  Unless otherwise instructed by the Court, counsel shall be present in the courtroom each morning **promptly at 9:00 a.m.** to address preliminary matters.  Trial will convene promptly at the designated time on each trial day and the jury will not be kept waiting.  Counsel shall be available in the courtroom at least five minutes before Court is scheduled to begin or resume after a recess.

14.  <u>ELECTRONIC EQUIPMENT</u>.  Representatives of either side who intend to use electronic equipment during the course of this trial shall promptly meet with John Cramer, Courtroom Technology Administrator, of the Clerk's Office (202-354-3019), to arrange for the necessary equipment.  Representatives of both sides shall meet with Mr. Cramer to become fully conversant with the procedures for use of the equipment in the courtroom.

15.  <u>RECORDINGS</u>.  For all video or audio recordings to be used in this case, counsel for both sides shall resolve any dispute between any alleged inaccuracy in the transcripts and/or discrepancies between the transcripts and the recordings.  If it proves impossible for counsel to

resolve the dispute, they shall so advise the Court **at least three days before the recording is to be offered** so that the Court may resolve the dispute efficiently and avoid any delay to the parties, the jury, and the Court.

16.  GENERAL COURTROOM RULES.  The Court expects counsel to exercise civility at all times toward each other and toward everyone involved in the case or working with the Court.

   a. Unless leave is otherwise given, counsel shall interrogate witnesses and make opening statements and closing arguments from the lectern and shall speak into the microphone.

   b. Counsel shall obtain permission from the Court before approaching a witness.

   c. One counsel for the Government and one counsel for each Defendant shall be designated as lead counsel for each and every witness, for purposes of direct examination, cross-examination, redirect examination, and raising objections.

   d. The Court will strictly apply the rules on rebuttal evidence.  See Black's Law Dictionary (9th ed. 2009) (defining "rebuttal evidence" as "[e]vidence offered to disprove or contradict the evidence presented by an opposing party").

   e. Counsel are reminded that the traditional rules regarding opening statements and closing arguments will be enforced by the Court.

   f. All statements by counsel should be directed to the Court and not to opposing counsel.

   g. Counsel are reminded that their own opinions regarding facts or issues in a case are irrelevant and should not be communicated to the jury (*e.g.*, "I think . . . , we believe . . .").

    h.  Counsel are reminded to secure clearance from the Court before posing questions or engaging in procedures in the presence of the jury that carry a risk of undue prejudice, or that by law or customary procedures require judicial pre-approval.

    i.  Unless otherwise permitted by the Court, counsel shall refer to all witnesses over the age of 18, including their clients, as "Mr." or "Ms." or by their official title (*e.g.*, "Captain" or "Dr."). The use of first names or nicknames is prohibited. All witnesses are to be addressed in a respectful and polite manner.

17.   <u>DIRECT AND CROSS-EXAMINATION</u>.  On direct and cross-examination of a witness, counsel shall not:

    a.  Testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received in evidence;

    b.  Use an objection as an opportunity to argue or make a speech in the presence of the jury;

    c.  Show the jury a document or anything else that has not yet been received in evidence without leave of the Court. If counsel is using electronic equipment to display documents to the jury and the Court, counsel shall make sure that the document has been admitted in evidence before it is shown to the jury; or

    d.  Except in extraordinary circumstances, be permitted to recross-examine any witness.

18.   <u>OBJECTIONS AND EVIDENTIARY MATTERS.</u>  Any legal matters or evidentiary issues that arise during the course of the trial and have not been the subject of a motion in limine or pre-trial motion should be discussed between counsel no later than the night before the witness or exhibit is to be offered. If there is no resolution, the proponent of the

objection or evidence shall send by email to Chambers and to opposing counsel that evening or, in any case, **no later than 7:00 a.m. the next morning**, in succinct terms, a statement of the evidentiary issue or objection and their position, with legal authority.  The opposing party shall email by **no later than 8:00 a.m.** the contrary position with legal authority.  The Court will discuss and rule during the time for preliminary matters each morning.  In this way the jury will not be kept waiting while legal issues are discussed and resolved.

19.     OBJECTIONS AT TRIAL.  Bench conferences are discouraged.[1]  Counsel who make objections during trial must state the legal basis for their objections without elaboration or argument (unless invited)—*e.g.*, "objection, hearsay," "objection, lack of foundation."  The Court will generally rule on the objection without additional discussion except in the most critical areas.  For purposes of "protecting the record" and assisting appellate review, counsel may explain or amplify their objections on the record after the jury has been excused for a break, for lunch, or for the day.

20.     WAIVER OF BENCH CONFERENCES.  Counsel may arrange with the Courtroom Deputy Clerk, Lauren Jenkins, to permit Defendants to listen to bench conferences through a headset.  They will not be permitted at the bench.

21.     RULE ON WITNESSES.  Except for the parties or their authorized representatives permitted under Rule 615 of the Federal Rules of Evidence and any expert witnesses, all witnesses shall remain outside the courtroom except while actually testifying.  Unless permission for a witness to remain in the courtroom is expressly sought and granted, the rule on witnesses is always in effect, even during voir dire and opening statements.  Counsel

---

[1] Counsel may seek to convene a bench conference if counsel is about to engage in a line of inquiry on direct or cross-examination that reasonably necessitates preclearance, *e.g.*, potentially inflammatory areas of interrogation.

shall instruct witnesses not to discuss their testimony with others after they leave the stand. Except for a Defendant-witness (because of Sixth Amendment implications), counsel calling a witness to testify, and counsel's agents, should have no further discussions with that witness concerning any aspect of the testimony already given or anticipated until such time as the witness has completed his or her testimony.  As to a Defendant-witness, counsel and their agents are directed to the D.C. Circuit's opinion in United States v. McLaughlin, 164 F.3d 1, 4–7 (D.C. Cir. 1998).  At all other times, within the bounds of governing ethics rules and the law, counsel may pursue their discussions with witnesses during the trial.

22. WITNESSES ON CALL.  Once the trial begins, witnesses shall be put on call at the peril of the calling party.  The trial will not be recessed because a witness on call is unavailable, except in extraordinary circumstances.  The Court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the Court.  The party calling a witness shall arrange for that witness's presence until cross-examination is completed, including the following trial day if need be.  The failure to have a witness present for cross-examination following direct examination is grounds to strike the witness's testimony.

23. PRESENCE OF COUNSEL.  Once court is in session, lead counsel shall not leave the courtroom without the Court's express permission.  Failure of counsel to be present and on time may result in sanctions.

24. SUA SPONTE JURY INSTRUCTIONS.  Any necessary *sua sponte* jury instructions shall be written out by counsel requesting them and shall be given to the Court in a form in which the Court might read the instructions to the jury.  Failure to do so shall be deemed a waiver of any such request.  In the event that the instructions are given, it shall be counsel's responsibility to remind the Court of the necessity for inclusion of any *sua sponte* instructions in

its final charge by **4:00 p.m. on the day *before* the date on which** the final charge is to be given by the Court to the jury.

  25. <u>VERBAL OR FACIAL CONTACT WITH THE JURY</u>.  Counsel, Defendants, and law-enforcement personnel shall not make any verbal comments, facial expression, laughter or other contact with the jury that could be interpreted as conveying a comment one way or the other with respect to any testimony, argument, or event that may occur during trial.  Nor shall any such persons offer gratuitous comments or asides about witnesses' testimony or opposing counsel.

  26. <u>CLOSING ARGUMENTS AND INSTRUCTIONS</u>.  The courtroom will be locked during jury instructions and no one will be permitted to enter or leave.  In making closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the jurors' prejudices.  Moreover, during closing argument and throughout the trial, counsel shall not:

   a. Comment adversely on the failure of Defendants to testify on their own behalf;

   b. Make statements of personal belief to the jury;

   c. Make personal attacks on other counsel in the case;

   d. Appeal to the self-interest of the jurors; or

   e. Make potentially inflammatory racial, ethnic, political, or religious comments.

With regard to both opening statements and closing arguments, counsel are admonished not to make statements or arguments that will engender objections. The Court will intervene *sua sponte* and not wait for objections if it detects a failure to adhere to basic legal principles and standards of civility. Failure to abide by these rules may result in sanctions.

**SO ORDERED.**

DATE: <u>July 13, 2023</u>

_____
CHRISTOPHER R. COOPER
United States District Judge