N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(CRIMINAL MATTER)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No.: 23CR00161-CRC |
| | ) | |
| RUSSELL CAMPBELL | ) | |
| Defendant | ) | |

## DEFENDANT RUSSELL CAMPBELL'S MOTION TO DISMISS ALL COUNTS OF THE INDICTMENT IN THIS CASE

COMES NOW, the defendant, RUSSELL CAMPBELL, through counsel and respectfully moves this court to dismiss all counts of the indictment in this case. In support of this motion, the defendant maintains that the charges in Counts One and Two are unconstitutional.

The defendant is charged in Count One with Unlawful Possession of a Firearm by an Individual Under Felony Indictment, in violation of 18 U.S.C. § 922(n) and in Count Two with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One year, in violation of 18 U.S.C. § 922(g)(1).

The Second Amendment of the United States Constitution protects the rights of citizens of this country to possess firearms. Nothing in the Second Amendment prohibits certain individuals from possessing firearms after being convicted of a crime punishable by more than

one year of incarceration or while under felony indictment. Both statutes in this case are unconstitutional as they violate the Second Amendment.

The Supreme Court's decision in *N.Y. State Rifle & Pistol Assoc., Inc. v. Bruen*, 142 S. Ct. 2111 (2022), held that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. *Bruen*, 142 S. Ct. at 2126. The burden is then on the "*government*" to "demonstrate that the regulation is consistent with the Nation's historical tradition of firearm regulation." *Id.* Nothing in the Constitution supports the position that the right to possess a firearm is prohibited as it relates to those convicted of crimes or have been indicted. Moreover, the government cannot assert that prohibiting those charged with crimes or convicted of certain crimes is consistent with historical tradition of firearm regulation.

Finally, the Constitution and the amendments that followed dealt with exclusion and inclusion of rights. Many classes of individuals were excluded from certain protected rights available to others (i.e. voting). If the authors of the Constitution wanted to exclude criminals and those accused of crimes from possessing firearms they could have done so. Those accused of committing crimes and those convicted of crimes existed long before the Constitution of the United States. The Constitution does not distinguish between citizens in this regard. Accordingly, the crimes charged in this case are unconstitutional and must be dismissed.

WHEREFORE, the defendant asks this court to grant this motion and dismiss the indictment in this case.

Respectfully submitted.

RUSSELL CAMPBELL

/s/
_____
Dwight E. Crawley

DC Bar# 472672  
Counsel for the defendant  
Law Office of Dwight E. Crawley  
1300 I. Street, NW  
Suite 400E  
Washington, DC 20005  
(202) 580-9794 Phone  
(888) 804-1806 Fax  
vadclawyer@gmail.com

## CERTIFICATE

I hereby certify that on this 19th day of July 2023, I filed this document with the Clerk of Court electronically using the court's ECF system.

/s/
_____

Dwight E. Crawley