UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 23-cr-161 |
| v. | : | |
| | : | |
| RUSSELL CAMPBELL | : | |
| | : | |
| Defendant. | : | |

STATEMENT OF OFFENSE
IN SUPPORT OF DEFENDANT'S PLEA OF GUILTY

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits the following Proffer of Proof in Support of a Plea of Guilty by the Defendant to the Indictment, which charges one count of Unlawful Possession of a Firearm by an Individual Under Felony Indictment, in violation of Title 18, United States Code, Section 922(n), and one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1).

I.   **Elements of the Offenses**

The first count of the Indictment is Unlawful Possession of a Firearm by an Individual Under Felony Indictment. The essential elements of the offense, each of which the government must prove beyond a reasonable doubt to sustain a conviction are:

- the defendant knowingly possessed a firearm in or affecting interstate or foreign commerce; and
- at the time the defendant possessed the firearm, he was under indictment

- an "indictment" includes an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted

The second count of the Indictment is Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year. The essential elements of the offense, each of which the government must prove beyond a reasonable doubt to sustain a conviction are:

- the defendant knowingly possessed a firearm or ammunition in or affecting interstate or foreign commerce;
- before possessing the firearm or ammunition, the defendant had been convicted of a felony – a crime punishable by imprisonment for more than one year; and
- at the time the defendant possessed the firearm or ammunition, the defendant knew he had previously been convicted of a felony.

## II.     Penalties for the Offense

The penalty for Unlawful Possession of a Firearm by an Individual Under Felony Indictment, in violation of Title 18, United States Code, Section 922(n) are:

(A)  a term of imprisonment not exceeding 5 years;

(B)  a fine not to exceed $250,000, or twice the pecuniary gain or loss of the offense;

(C)  a term of supervised release of not more than 3 years; and,

(D)  a special assessment of $100.

The penalty for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, U.S. Code, § 922(g)(1) are:

    (A)    a term of imprisonment not exceeding 15 years;

    (B)    a fine not to exceed $250,000, or twice the pecuniary gain or loss of the offense;

    (C)    a term of supervised release of not more than 3 years; and,

    (D)    a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

### III.  Factual Proffer

The following proffer of the government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it makes representations concerning anything Defendant said, is it a recitation of all that Defendant said or did.

The following statement of facts does not purport to include all of Defendant's illegal conduct or the conduct of others. It also does not purport to be an inclusive recitation of everything that Defendant heard, knew, or witnessed concerning the illegal activities of himself or others. It is intended to represent sufficient information for the Court to find a factual basis for accepting Defendant's guilty plea.

Had this case gone to trial, the Government's evidence would prove the following beyond a reasonable doubt:

1. In the early morning of June 20, 2021, law enforcement approached a group of people, which included the defendant, who were loitering outside the Mobil Gas Station at 2210 Bladensburg Road NE, Washington DC.

2. Law enforcement witnessed another individual in the group walk away and drop a firearm into

a trash can. That individual was placed under arrest and charged for that firearm.

3. The defendant was then detained by law enforcement, who recovered a Glock 45 .9mm, serial number BLPU184, pistol with 23 rounds in the magazine, and one in the chamber, from the defendant's waistband. Subsequent DNA testing of the firearm indicates that the DNA profile is a mixture of three individuals, and that it is 1.5 septillion times more likely if the defendant and two unknown/unrelated people were contributors than if three unknown/unrelated people were contributors, indicating "very strong support" for inclusion.

4. At the time of the defendant's possession of this firearm, he was charged by complaint, arraigned, and on pretrial release for a crime punishable by imprisonment for a term exceeding one year in D.C. Superior Court case 2020 CF2 008559, making the defendant ineligible to legally possess firearms.

5. In the early morning of November 10, 2022, law enforcement pulled over a SUV in front of 810 7th Street, NW, Washington, DC, which contained the defendant and five other individuals. The defendant was seated in the middle row driver-side captain's chair.

6. Law enforcement ultimately recovered from inside the vehicle five different firearms, including from a backpack in the middle aisle immediately to the right of where the defendant was seated a 5.56 Zastava AK-Style pistol PAP M85PV (bearing S/N M85PV003177), with an extended magazine holding 30 rounds of 5.56 caliber live rounds, and one in the chamber.

7. Subsequent DNA testing of the firearm indicates that the DNA profile is a mixture of four individuals, and that it is 32 sextillion times more likely if the defendant and three unknown/unrelated people were contributors than if four unknown/unrelated people were contributors, indicating "very strong support" for inclusion.

8. Further, surveillance video recovered from an apartment building in D.C. shows the defendant

getting into the same vehicle the day prior while carrying what appears to be the same backpack the Zastava firearm was ultimately found in.

9. At the time of the defendant's possession of this firearm, he previously had been, and knew he had been, convicted of a crime punishable by imprisonment for a term exceeding one year in D.C. Superior Court case 2021 CF2 006023, making the defendant ineligible to legally possess firearms.

10. All aforementioned firearms and ammunition traveled in interstate commerce.

                      Respectfully Submitted
                      MATTHEW M. GRAVES
                      United States Attorney

By:    */s/ Andy Wang*
        Andy T. Wang
        Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read every page of the Government's proffer of evidence relating to my guilty plea. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 9/14/23        Russell Campbell
                     Russell Campbell
                     Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page constituting the government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with her fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 1/14/23
                     Dwight Crawley, Esquire
                     Attorney for Defendant Russell Campbell

6